46 F.3d 1148
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael Keith SEARS, Defendant-Appellant.
 No. 94-10202.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 11, 1995.
Decided Jan. 17, 1995.
 
 Before: ALDISERT,* GOODWIN and SCHROEDER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Michael Sears brings this interlocutory appeal from the Nevada district court's denial of his motion to dismiss the indictment. The indictment accuses Sears of numerous crimes arising out of a vast marijuana importation conspiracy. In 1988, Sears entered a negotiated guilty plea to similar charges in the district court for the Northern District of California. Pointing to those earlier charges, Sears claims that the Nevada indictment subjects him to double jeopardy. His view is that the government has taken one continuing conspiracy and divided it into two smaller conspiracies. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291 and Abney v. United States, 431 U.S. 651, 662 (1977).
 
 
 3
 We affirm the judgment of the district court. Only if the conspiracies alleged in the Nevada and California indictments were " 'indistinguishable in law and fact' " would double jeopardy bar this prosecution. United States v. Lorenzo, 995 F.2d 1448, 1457-58 n. 4 (9th Cir.), cert. denied, 114 S.Ct. 225 (1993). After dutifully applying our circuit's somewhat lapidary "five factor" double jeopardy test, see Arnold v. United States, 336 F.2d 347, 350 (9th Cir.1964), cert. denied, 380 U.S. 982 (1965), the district court pronounced the two conspiracies distinguishable. At this stage in the proceedings, it's not crystal-clear whether the evidence ultimately will establish one continuing drug importation conspiracy, or two different ones, both beginning in the mid-Seventies and featuring some of the same players. For that reason, it is crystal-clear that the district court's finding cannot be "clearly erroneous." See Anderson v. City of Bessemer, 470 U.S. 564, 574 (1985) ("Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous.").
 
 I.
 
 4
 The parties disagree about the standard of review on this appeal. Sears argues that it is de novo. The government argues that it is the clearly erroneous standard relative to facts found by the district court.
 
 
 5
 When a defendant moves pretrial to dismiss the indictment on double jeopardy grounds, "[t]he district court must essentially determine what the second trial will actually show, and use those findings in applying the Arnold factors...." United States v. Bendis, 681 F.2d 561, 566 (9th Cir.1981), cert. denied, 459 U.S. 973 (1982). In pretrial hearings and its March 26, 1994 order denying Sears' motion to dismiss the indictment, the district court strove to determine what the evidence adduced at Sears' second trial would show. That evidence is disputed. Sears suggests, for example, that overt acts three and four of the California indictment are in fact "a specific reference to the scheme generally described in overt act seven of the Nevada indictment--the 1980 marijuana importing season." (Br.Appellant at 6). Sears also suggests that some of the drug money which, according to the Nevada indictment, Sunthorn Kraitamchitkul and Joseph Siegfried attempted to smuggle from San Francisco to Thailand, is the same money which, according to the California indictment, Sears supplied to Kraithamjitkul and Siegfried. During a December 13, 1993 hearing, Sears' attorney tried to establish that the marijuana smuggled from the vessel "Restless M," overt act ten of the Nevada indictment, is the same marijuana mentioned in overt acts seven and eight of the California indictment.
 
 
 6
 The district court's conclusion that the Nevada and California indictments charge two separate conspiracies plainly rests on factual determinations which, applying Bendis, we are required to accept unless clearly erroneous. 681 F.2d at 566.
 
 II.
 
 7
 In determining whether Sears was a party to two separate and distinct criminal agreements, or only one, the district court applied the Arnold factors, comparing " 'the differences in the periods of time covered by the alleged conspiracies, the place where the conspiracies were alleged to occur, the persons charged as co-conspirators, the overt acts alleged to have been committed, and the statutes alleged to have been violated.' " Lorenzo, 995 F.2d at 1458 (quoting United States v. Guzman, 852 F.2d 1117, 1120 (9th Cir.1988)).
 
 A.
 
 8
 The time periods of the two conspiracies overlap from December 1976, when the first overt act alleged in the California indictment took place, until September 1981, when the last overt act alleged in the California indictment took place. See Guzman, 852 F.2d at 1120. If the overt acts of Sears alone are considered, the period of overlap shrinks further, running from the Summer of 1978, when the Nevada indictment alleges Sears' first overt act, until 1981. Overt acts 22 through 140 of the Nevada indictment all are alleged to have occurred after the California conspiracy ended. Sears is specifically mentioned in overt acts 35, 40, 42, 67, 122 and 123, which occurred between 1984 and 1989.
 
 
 9
 The fact that the time periods overlapped does not establish that only one conspiracy existed. Lorenzo, 995 F.2d at 1458; United States v. Becker, 892 F.2d 265, 268 (3d Cir.1989).
 
 B.
 
 10
 The California and Nevada indictments both allege overt acts occurring in California and Thailand. The Nevada indictment alleges additional overt acts in Nevada, Oregon, Colorado, Alaska, Florida, Hawaii, Singapore, Grand Cayman Islands, Mexico, Australia, Hong Kong, Malta, Germany, Cambodia, Switzerland, Japan, and Canada.
 
 
 11
 The district court found that the conspiracy described in the California indictment was limited to the relatively small-scale importation of two boatloads of Thai marijuana into California, and therefore was "discreet" when compared with the ambitious, worldwide conspiracy described in the Nevada indictment. Cf. Bendis, 681 F.2d at 568 (even when both conspiracies had "important connections" with Cleveland, Ohio, their scopes implicated different parts of the world).
 
 C.
 
 12
 The California indictment charged Sears and Dennis Ikel as conspirators. The Nevada indictment charges Sears, along with eleven other individuals, as conspirators. Besides Sears, three individuals are mentioned in both indictments: Ikel, Joseph Siegfried and Sunthorn Kraitamchitkul. The Nevada indictment names approximately 29 individuals not named in the California indictment. Ciro Mancuso testified that during the periods covered by both indictments, Ikel and certain other smugglers (presumably including Sears) sometimes "moonlighted" on projects with different people, in different groups, on limited Thai smuggling ventures that were unrelated to the Nevada conspiracy.
 
 
 13
 The limited commonality of participants was not enough to convince the district court that only one conspiracy existed.
 
 D.
 
 14
 The California indictment alleged twelve overt acts, and mentioned Sears in seven of them. The Nevada indictment alleges one hundred thirty-nine overt acts, and mentions Sears in fifteen of them. Of those fifteen overt acts, six occurred after the conspiracy alleged in the California indictment ended. Nine of the Nevada overt acts mentioning Sears did indeed occur during the period alleged in the California indictment, but none correspond specifically to the overt acts set forth in the California indictment.
 
 
 15
 A prosecutor seeking to circumvent the Fifth Amendment's double jeopardy bar could of course artfully draft a second indictment in order to create the appearance that no overlap exists. But the district court had more to go on than the indictments themselves. It heard testimony from coconspirator Mancuso and others with knowledge of Thai smuggling operations. The witnesses persuaded the district court that the overt acts alleged in the two indictments are distinct.
 
 E.
 
 16
 Both indictments alleged violations of 21 U.S.C. Secs. 963 and 846.
 
 III.
 
 17
 The conspiracy alleged in the Nevada indictment is broad indeed. Like the conspiracy alleged in the California indictment, it is characterized by a consistent method of maritime smuggling, Thai marijuana provided by a constant supplier, and many of the same key participants and places of importation. From Sears' point of view, the Nevada conspiracy subsumes all of his smuggling activities--as though the Nevada indictment simply accused him of "having been a participant in smuggling." From the government's point of view, Sears was involved in more than one illegal agreement during the late 1970s and early 1980s, and should not be permitted to transform his guilty plea to one of his agreements into a shield immunizing him from prosecution for his other ones.
 
 
 18
 The choice between these two points of view rested on factual determinations that are the district court's to make. Certainly as a purely legal matter, that Sears has been convicted of one conspiracy arising out of the business of smuggling Thai marijuana "does not mean that [he] cannot have participated in a separate agreement at substantially the same time, with some of the same people, to commit similar acts." Lorenzo, 995 F.2d at 1459. The bar against double jeopardy does not protect the criminal specialist who makes more than one unlawful agreement to pursue his specialty.
 
 
 19
 Based on the evidence before it, the district court found that the Nevada and California indictments charge separate conspiracies. That finding was not clearly erroneous.
 
 
 20
 AFFIRMED.
 
 
 
 *
 Honorable Ruggero J. Aldisert, Sr., United States Circuit Judge for the Third Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3